IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HERMAN TOWNSEND, Inmate #K53674,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 06-361-JLF** |
| ) | |
| **DIRECTOR WALKER,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**FOREMAN, District Judge:**

The Court denied Plaintiff's motion for leave to proceed *in forma pauperis*, finding that he has accumulated three strikes. *See* 28 U.S.C. § 1915(g). Now before the Court is Plaintiff's motion for reconsideration (Doc. 5), followed shortly by his amended motion for reconsideration (Doc. 6). In these motions, Plaintiff contests the Court's finding regarding each of his three strikes.

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The United States Court of Appeals for the Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g.*, *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (*citations omitted*).

The order in question (Doc. 4) was entered in this action on May 18, 2006, and the first motion was filed on May 24, 2006, within the 10-day period.  *See* FED.R.CIV.P. 59(e).  Therefore, under *Deutsch*, the Court will construe the motion as a motion to alter or amend judgment, filed pursuant to Rule 59(e), which may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously.  *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

The Court found that the following three cases count as strikes: *Townsend v. Moore,* Case No. 00-cv-1392 (C.D. Ill., filed Nov. 17, 2000); *Townsend v. Herndon*, Case No. 02-cv-6500 (N.D. Ill., filed Sept. 27, 2002); *Townsend v. Herndon*, Appeal No. 03-2959 (7th Cir., filed July 16, 2003).  As explained in the Court's May 18,2006 order (footnote 1),

> The latter two cases listed are related.  The Northern District action sued several federal judges for ruling against him in other actions.  Judge Darrah found that, accordingly to clearly established precedent, judges are absolutely immune from damages for their judicial conduct; he also found that injunctive relief was unavailable.  Despite such strong black-letter law that squarely bars such claims, Plaintiff still chose to file an appeal, which was later dismissed for Plaintiff's failure to pay the filing fee.  This Court finds, as a matter of law, that this particular appeal was legally frivolous within the meaning of the statute.  *See* 28 U.S.C. § 1915(g).  As such, this particular appeal also counts as a strike.

The Court stands by this statement, finding that both the Northern District case and its subsequent appeal qualify as strikes.  As for the Central District case, Plaintiff states that just one of his claims was dismissed for failure to state a claim; the others were dismissed for failure to exhaust his administrative remedies.  Because the entire case was not dismissed for failure to state a claim, he argues that the Central District case should not count as a strike.

Unfortunately for Plaintiff, the Seventh Circuit disagrees with this approach. As stated by Judge Easterbrook,

> Likewise, § 1915(g) limits to three the number of IFP complaints or appeals that were "dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted." This language refers to the complaint or appeal as a whole; thus *when any claim in a complaint or appeal* is "frivolous, malicious, or fails to state a claim upon which relief may be granted," all plaintiffs incur strikes. . . .

*Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004) (*emphasis added*).

Therefore, upon review of the record, the Court remains persuaded that Plaintiff has accumulated three strikes and may not proceed *in forma pauperis* in this action. Therefore, the instant motions (Docs. 5, 6) are **DENIED**.

Plaintiff shall pay the **full filing fee of $350** for this action within **FIFTEEN (15) DAYS** of the entry of this Order. If Plaintiff does not comply with this Order in the time allotted, this case will be dismissed with prejudice for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**
**DATED:   June 9, 2006.**

               *s/ James L. Foreman*
               **DISTRICT JUDGE**